ISAAC L. ANGLE ET AL., RESPONDENTS, v. CENTRAL TIMBER EXPORT COMPANY, PROSECUTOR.

Submitted February 22, 1919—Decided March 27, 1919.

1. A transcript sent up to the Court of Common Pleas by the justice on appeal from the small cause court is sufficiently sealed when there is impressed on the paper on which the transcript was written, a seal such as is described in a supplement to the Small Cause Court act (*Pamph. L.* 1911, *p.* 544), even though the impression was not made upon a wafer (that statute providing that "every justice of the peace shall use a seal, which shall bear the inscription in circular form 'The Small Cause Court of the County of...............New Jersey,' and the name of the justice and State, ward or township from which he is elected," and that the "transcript of every judgment entered in the docket in said Small Cause Court shall bear the impression of said seal").

2. The mere fact that the transcript sent up to the Court of Common Pleas on appeal from the small cause court fails to show that a written notice of appeal had been filed with the justice, and that no such notice accompanied the transcript, does not afford legal ground for dismissing the appeal.

3. In granting an appeal, the justice acts judicially, and if his adjudication on that point is challenged in the Common Pleas, he should be ruled to certify the facts, so as to correct any imperfections or irregularities apparent in the transcript before such adjudication is reversed.

---

On *certiorari* to Warren County Common Pleas.

Before Justice TRENCHARD, sitting alone, pursuant to the statute.

For the prosecutor, *Edith Wilson Rosecrans* and *Egbert Rosecrans.*

For the respondents, *Nicholas Harris.*

The opinion of the court was delivered by

TRENCHARD, J. A judgment having been rendered against the Central Timber Export Company, the defendant in a small cause court, it appealed to the Warren Common Pleas, and there its appeal was dismissed. The purpose of this writ is to test the legal propriety of such dismissal.

I am of the opinion that it cannot legally be justified.

The record discloses that the Common Pleas dismissed the appeal only because "the transcript of the justice's docket record of the case is not certified under wafer seal."

It appears that the transcript of the proceedings and judgment in the small cause court sent up by the justice contained the following words at the end thereof: "I do hereby certify that the foregoing is a true and correct copy of my docket. Witness my hand and seal this 17th day of December, A. D. 1918," and then followed the signature of the justice beside which there was impressed upon the paper with a seal in circular form the following inscription: "The Small Cause Court of the County of Warren, New Jersey, Marshall Cool, Twp. of Knowlton, N. J."

The learned Common Pleas judge evidently concluded that the transcript was not sealed merely because the impression was not made upon a wafer, and hence was not under the "hand and seal" of the justice as required by the Small Cause Court act. *Comp. Stat., p.* 3006, § 81.

But that is not so. I need not consider what would have been the effect at common law. The matter is now controlled by statute. A supplement to the Small Cause Court act (*Pamph. L.* 1911, *p.* 544, *ch.* 258) provides as follows:

"Section 1. Every justice of the peace shall use a seal, which shall bear the inscription in circular form 'The Small Cause Court of the County of................New Jersey,' and the name of the justice and state, ward or township from which he is elected, &c.

"Section 2. Every summons, subpœna, commitment, warrant and *transcript* of every judgment entered in the docket in said Small Cause Court *shall bear the impression of said seal,* and no process issued by any justice of said Small Cause Court shall be valid without the impression of said seal.

"Section 3. Every justice of the peace hereafter elected shall, before entering upon his duties, file with the county clerk of the county of which he is elected a certificate bearing an impression of his seal, described in section one of this act."

The effect of that enactment is to require, among other things, a transcript of a judgment to bear the impression of a seal substantially such as is described in the statute. *Russell* v. *Sakis,* 82 *N. J. L.* 260. The seal used on the transcript in question complied exactly with the statutory requirement. It was durably impressed upon the paper on which the transcript was written for the express purpose of solemn authentication. The statute was complied with, and the sealing in question was sufficient, even though the impression was not made on a wafer.

It is also argued here that the fact that the transcript sent up to the Court of Common Pleas failed to show that a *written notice of appeal* had been filed with the justice in the small cause court, and that no such notice accompanied the transcript, afforded legal ground for dismissing the appeal.

But that cannot be so. The Small Cause Court act does not require the notice of appeal to be sent to the Common Pleas. It requires, among other things, a "transcript of the proceedings and judgment," but that does not include the notice of appeal. According to the usual practice the transcript consists of a copy of the docket, which the statute (section 112) requires the justice to keep, and such papers as are necessary for the trial of the cause on appeal; and the

notice of appeal is certainly not a paper necessary for that purpose. *Lazarus v. Martling, 73 N. J. L.* 84. No entry upon the docket respecting the appeal is prescribed, except "when and by whom demanded, and the date of receiving notice thereof," and the transcript of the docket in question shows substantial compliance with that requirement.

Moreover, in granting an appeal, the justice acts judicially, and if the legality of his adjudication on that point is challenged in the Common Pleas, he should be ruled to certify the facts, so as to correct any imperfections or irregularities apparent in the transcript before such adjudication is reversed. *Lazarus v. Martling, supra.* In the present case, so far as the record discloses, no suggestion was made in the Common Pleas that the appeal had not been legally granted.

I conclude that the order of dismissal should be set aside.

Let the cause be remitted to the Common Pleas for further proceedings according to law.